**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 21-4519**

───────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DUSTIN SCOTT FILES,

Defendant - Appellant.

───────────

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  M. Hannah Lauck, District Judge.  (3:19-cr-00116-MHL-1)

───────────

Submitted:  September 21, 2022              Decided:  September 30, 2022

───────────

Before WYNN and DIAZ, Circuit Judges, and KEENAN, Senior Circuit Judge.

───────────

Affirmed by unpublished per curiam opinion.

───────────

**ON BRIEF:** Geremy C. Kamens, Federal Public Defender, Patrick L. Bryant, Appellate Attorney, Nia A. Vidal, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant.  Richard Daniel Cooke, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dustin Scott Files appeals the district court's judgment revoking his supervised release and sentencing him to 30 months' imprisonment. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Files' due process rights were violated when he was expelled from a treatment program and whether Files' revocation sentence is plainly unreasonable. The Government has not filed a brief. Files filed a pro se supplemental brief. We affirm.

Counsel asserts a violation of Files' procedural due process rights. The Fourteenth Amendment provides: No "State [shall] deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. For the revocation of supervised release, due process requires a preliminary hearing "to determine whether there is probable cause or reasonable ground to believe that the [defendant] has committed acts that would constitute a violation of [supervised release] conditions," *Morrissey v. Brewer*, 408 U.S. 471, 485 (1972), and a final hearing within a reasonable time after the defendant is taken into custody providing "an opportunity to be heard and to show, if he can, that he did not violate the conditions, or, if he did, that circumstances in mitigation suggest that the violation does not warrant revocation," *id.* at 488; *see United States v. Copley*, 978 F.2d 829, 831 (4th Cir. 1992) (extending *Morrissey*'s due process requirements to supervised release revocations).

Files' liberty interest was not implicated until the district court adjudicated the disputed violation and revoked his supervised release, and our review shows that the court

2

complied with due process. The court held a preliminary hearing and, based on the evidence presented, determined that there was probable cause to believe Files had violated the supervised release condition requiring him to participate in an inpatient treatment program. A month later, the court held a final revocation hearing where Files presented evidence, called two witnesses, and testified in his defense. The court therefore provided Files with all the process that was due before revoking his supervised release. *See United States v. Van Donk*, 961 F.3d 314, 327 (4th Cir. 2020) (noting that "the [district] court didn't automatically revoke [the defendant's] supervised release, but rather ordered hearings on the issue. This regime affords [the defendant] due process without micromanaging his treatment.").

In his pro se supplemental brief, Files challenges the district court's factual findings upon which the revocation decision was based. To revoke supervised release, the district court need only find a violation of a supervised release condition by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3); *United States v. Dennison*, 925 F.3d 185, 191 (4th Cir. 2019). We "review[] a district court's decision to revoke a defendant's supervised release for abuse of discretion," its underlying factual findings for clear error, and unpreserved challenges for plain error. *Id.* at 190; *see United States v. Doctor*, 958 F.3d 226, 234 (4th Cir. 2020) (describing clear error standard). With these standards in mind, we have reviewed the record and conclude that the district court's factual findings were not clearly erroneous and, therefore, that the court did not err by revoking Files' term of supervised release.

3

Counsel argues Files' sentence is unreasonable. "We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (internal quotation marks omitted). Files' revocation sentence is within the statutory maximum. "When reviewing whether a revocation sentence is plainly unreasonable, we must first determine whether it is unreasonable at all." *United States v. Thompson*, 595 F.3d 544, 546 (4th Cir. 2010). "In making this determination, we follow generally the procedural and substantive considerations that we employ in our review of original sentences, with some necessary modifications to take into account the unique nature of supervised release revocation sentences." *Slappy*, 872 F.3d at 207 (cleaned up). Only if a sentence is either procedurally or substantively unreasonable is a determination then made as to whether the sentence is plainly unreasonable. *United States v. Moulden*, 478 F.3d 652, 657 (4th Cir. 2007).

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *United States v. Coston*, 964 F.3d 289, 297 (4th Cir. 2020) (internal quotation marks omitted); *see* 18 U.S.C. § 3583(e). "A revocation sentence is substantively reasonable if, in light of the totality of the circumstances, the [district] court states an appropriate basis for concluding that the defendant should receive the sentence imposed." *Id.* (internal quotation marks omitted). "A court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, but it still must provide a statement

4

of reasons for the sentence imposed." *Thompson*, 595 F.3d at 547 (internal quotation marks omitted).

We conclude that Files' sentence is procedurally and substantively reasonable. The district court imposed a custodial sentence below the statutory maximum, considered the relevant statutory factors, and gave sufficiently detailed reasons for its decision. Specifically, the court recounted the seriousness and repeated nature of the supervised release violations, Files' history of refusing to complete treatment despite being given several opportunities, the fact that Files had received more lenient treatment than similarly situated defendants, and the need to protect the public. And while defense counsel correctly notes that the court mentioned prohibited factors relating to the need to promote respect for the law and provide just punishment, the court's sentence was not based predominantly on those factors; rather the court considered them alongside the permissible factors when sanctioning Files' breach of the court's trust for the third time. *See United States v. Webb*, 738 F.3d 638, 642 (4th Cir. 2013) (noting that "mere reference to [prohibited] considerations does not render a revocation sentence procedurally unreasonable when those factors are relevant to, and considered in conjunction with, the enumerated § 3553(a) factors").

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. Accordingly, we affirm the district court's revocation judgment. This court requires that counsel inform Files, in writing, of the right to petition the Supreme Court of the United States for further review. If Files requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel

may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Files.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*